**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

COTTONWOOD ENVIRONMENTAL LAW CENTER,

Plaintiff-Appellant,

v.

LEANNE MARTEN, in her official capacity as Regional Forester, U.S. Forest Service; et al.,

Defendants-Appellees.

No. 21-35070

D.C. No. 2:20-cv-00031-BMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted February 11, 2022
Portland, Oregon

Before: PAEZ and NGUYEN, Circuit Judges, and EATON,[**] Judge.

Cottonwood Environmental Law Center appeals the district court's order

dismissing its complaint without leave to amend and denying its motion for a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

preliminary injunction.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.[1]

1. **Motion to Dismiss**

A. **First Claim for Relief:** Cottonwood's first claim for relief alleges that the National Environmental Policy Act ("NEPA") obligated the Forest Service to supplement the Environmental Impact Statement ("EIS") for the 1987 Gallatin Forest Plan (the "Forest Plan") after the Forest Service promulgated regulations in 2012 recognizing that climate change necessitated updates to forest plans, 36 C.F.R. § 219.5.[2]

The operative statue, 16 U.S.C. § 1604(f)(1), requires the Forest Service to develop a Land Resource Management Plan, or "forest plan," for each national forest that balances ecological, commercial, recreational, and other uses.  The

---

[1] We deny Cottonwood's motion to strike exhibits to an amicus brief.  *See Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986) (allowing non-governmental agencies to file jointly with government agencies without seeking leave of court or consent of parties).

[2] The Forest Service represented to the court on February 9, 2022 that it has completed a Revised Custer-Gallatin Forest Plan pursuant to 36 C.F.R. § 219.5, which went into effect on February 27, 2022.  The Forest Service contends that this moots the claim.  The Forest Service represents that the 1987 Forest Plan now has "no effect independent of previously approved site-specific projects."  But Cottonwood seeks to enjoin site-specific projects that *were* approved under the 1987 Forest Plan.  Thus, vacatur of the 1987 Forest Plan could provide Cottonwood relief because it could halt action on one or more of the projects. Cottonwood's claim is therefore not moot.  *See, e.g., Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988) ("The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted.").

Forest Service implements the forest plan through individual site-specific projects, which must comply with the forest plan. *Id.* § 1604(i); *Idaho Sporting Cong., Inc. v. Rittenhouse*, 305 F.3d 957, 962 (9th Cir. 2002).

The Forest Service must also comply with NEPA, which "does not mandate particular results, but simply prescribes the necessary process." *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 350 (1989). NEPA requires the Forest Service to supplement an EIS where 1) there are "significant new circumstances or information" that will "show that the remaining action will affect the quality of the human environment in a significant manner or to a significant extent not already considered," and 2) "there remains major Federal action to occur," or "ongoing" action. *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 372-74 (1989) (internal quotations and alterations omitted); *Norton v. S. Utah Wilderness All.* ("*SUWA*"), 542 U.S. 55, 73 (2004).

This claim hinges on whether the 1987 Forest Plan constitutes ongoing federal action. The Forest Service argues that *SUWA*'s holding that finalized Bureau of Land Management land plans do not constitute ongoing major Federal action under NEPA controls. *Id.* at 73. Cottonwood, however, argues that *Pacific Rivers Council v. Thomas*'s holding that Forest Service forest plans "represent ongoing agency action" under the Endangered Species Act ("ESA") controls, because "ongoing agency action" for the purpose of the ESA is "ongoing major

Federal action" for the purpose of NEPA.  30 F.3d 1050, 1053 (9th Cir. 1994).  In other words, the parties differ over whether "ongoing major Federal action" is consistent by statute or by agency.

We agree with the Forest Service.  *Pacific Rivers Council* reasoned from the text of the ESA to define "ongoing agency action."  30 F.3d at 1053-56 (9th Cir. 1994) ("In short, there is little doubt that Congress intended to enact a broad definition of agency action *in the ESA. . .*") (emphasis added).  *SUWA* also reasoned from the language of NEPA, not from agency-specific language.  542 U.S. at 72-73.  Moreover, we have stated that "agency action" is interpreted differently from statute to statute: "[a]lthough the 'major federal action' standard under NEPA is similar to the more liberal 'agency action' standard under the ESA, the terms are not interchangeable." *Karuk Tribe of California v. U.S. Forest Serv.*, 681 F.3d 1006, 1024 (9th Cir. 2012) (internal citations omitted).

Because the 1987 Forest Plan is not ongoing action under *SUWA* for the purposes of NEPA, the Forest Service was not required to conduct a supplemental NEPA analysis for the 1987 Forest Plan.  We affirm the district court's dismissal of Cottonwood's first claim for relief.

4

**B.      Second and Fourth Claims for Relief:**[3]  Cottonwood contends that several recent events require the Forest Service to supplement project-level NEPA analysis for three logging projects currently ongoing in the CGNF.

**i.      Bozeman Municipal Water ("BMW") Project:** Cottonwood has not sufficiently pled claims concerning the BMW because Cottonwood has not alleged "significant new information."  Cottonwood points to two potential sources of significant new information: the Forest Service's decision to revise the Forest Plan (Claim Two) and new markings on trees in the BMW Project area (Claim Four). Under our caselaw, neither constitutes significant new information: the announced revision of the Plan, absent more, does not necessarily portend changes to the human environment, and the tree markings do not constitute "significant" information.  *See Marsh*, 490 U.S. at 374 (new information must show that remaining action will affect the quality of the human environment in a significant manner or to a significant extent not already considered) (internal citations omitted).  We therefore affirm the district court's denial of Cottonwood's second and fourth claim for relief as they pertain to the BMW Project.

**ii.      North Hebgen ("NH") Project:**  Cottonwood contends that the announced revision of the Forest Plan (Claim Two) constitutes new information as to the NH Project as well.  For the reasons stated above, this claim as well is

---

[3] Cottonwood did not appeal the third claim's dismissal.

unmeritorious, and we affirm the district court's dismissal of Claim Two as to the NH Project.

  **iii.**  **North Bridger ("NB") Project:** Cottonwood contends that the announced revision of the Forest Plan (Claim Two) and markings on trees discovered in the NB Project area (Claim Four) constitute significant new information. The district court dismissed these claims, finding that a categorical exclusion to NEPA requirements ("CE") covered the NB Project.[4] Cottonwood does not challenge the CE; rather, it argues that despite the CE, "a project that implements an inadequate Forest Plan is a violation of NEPA" and thus should be enjoined. Its cited authority does not support this argument, nor has it alleged facts that, if proven, would show that the Forest Plan was inadequate. We affirm the district court's dismissal of Cottonwood's second and fourth claims for relief as they pertain to the NB Project.

  **2.**  **Motion for a Preliminary Injunction:** Because we affirm the district court's dismissal of Cottonwood's complaint without leave to amend, we need not reach Cottonwood's appeal of the district court's denial of its motion for a preliminary injunction.

---

  [4] In 2014, Congress amended the Healthy Forest Restoration Act to create a process for expedited approval of projects treating insect-infested or diseased forest, which culminates in the granting of a CE. 16 U.S.C § 6591b; *see Native Ecosystems Council v. Erickson*, 330 F. Supp. 3d 1218, 1226 (D. Mont. 2018).

**AFFIRMED.**